[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13398

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NEHEME DUCTANT,
a.k.a. Lucky,
a.k.a. Waldo,

Defendant-Appellant.

2                    Opinion of the Court                    23-13398

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:11-cr-00097-JES-NPM-2

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Neheme Ductant, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  He also appeals the denial of his subsequent motion for reconsideration. Rather than filing a response brief, the government has moved for summary affirmance and for a stay of the briefing schedule, arguing that *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), forecloses Mr. Ductant's arguments on appeal.

**I**

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  A motion for summary affirmance postpones

the due date for the filing of any remaining brief until this Court rules on the motion. *See* 11th Cir. R. 31-1(c).

Where appropriate, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

*Pro se* pleadings will be liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, when a *pro se* appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Arguments not raised in an appellant's initial brief are abandoned. *See id.*

## II

Generally, district courts do not have the authority to modify a term of imprisonment once it has been imposed, but they may do so within the limited circumstances provided by § 3582(c). *See Dillon v. United States*, 560 U.S. 817, 819 (2010). As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, as follows:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement for § 3582(c)(1)(A) in the Sentencing Guidelines is U.S.S.G. § 1B1.13. We have held that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" *Bryant*, 996 F.3d at 1249 (11th Cir. 2021). Prior to the enactment of the November 2023 amendments, the application notes to § 1B1.13 listed four categories of extraordinary and compelling reasons: (A) the defendant's medical condition; (B) the defendant's age; (C) the defendant's family circumstances; and (D) "Other Reasons." U.S.S.G. § 1B1.13, comment. (n.1(A)-(D)) (2021). Subsection (D) serves as a catch-all provision; a prisoner may be eligible for relief if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination

with, the reasons described in subdivisions (A) through (C)." *Id.*, comment. (n.1(D)).[1]

## III

In *Bryant*, we held that § 1B1.13 was applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." 996 F.3d at 1252-62. Further, the catch-all provision in the application notes to § 1B1.13 did not grant to district courts the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *See* 996 F.3d at 1248, 1263, 1265.

In *Concepcion v. United States*, 597 U.S. 481, 495-500 (2022), the Supreme Court held, in relevant part, that the First Step Act allows district courts to consider intervening changes of law or fact, such as evidence of rehabilitation and disciplinary infractions, in exercising their discretion to reduce a sentence pursuant to § 404 of the First Step Act. Mr. Ductant relied on *Concepcion* in his motion for reconsideration.

---

[1] The November 2023 amendments to § 1B1.13 do not have retroactive effect. *See United States v. Handlon*, No. 22-13699, --- F.4th ---, 2024 WL 1424103, at *4 (11th Cir. Apr. 3, 2024). We therefore apply the version of § 1B1.13 in effect before the amendments.

In this case the government's position is clearly correct as a matter of law.  Mr. Ductant's argument regarding the district court's alleged miscalculation of his amended guidelines range in his § 3582(c)(2) proceeding in 2016 does not fit within § 1B1.13's policy statement, and under *Bryant* the district court may not add to the list of extraordinary and compelling reasons beyond what is specified therein.  *See Bryant*, 996 F.3d at 1248, 1252-62, 1265.  Neither do Mr. Ductant's efforts towards furthering his education and improving himself fit within the policy statement.  *See* U.S.S.G. § 1B1.13 comment. (n.1(A)-(D)) (2021).[2]

Accordingly, we GRANT the government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**

---

[2] Even if the asserted grounds fit within § 1B1.13's policy statement, Mr. Ductant's failure to make any argument as to the district court's determination regarding those efforts constitutes abandonment.  *See Sapuppo*, 739 F.3d at 680. Similarly, he has also abandoned any challenge to the district court's denial of his motion for reconsideration by making no argument with regard to that motion on appeal.  We therefore have no need to address *Concepcion*.